The next case for oral argument this morning is 22-1732, Dunn v. Schmitz. Good morning, Mr. Baker. Good morning, Your Honor. May it please the court and counsel, my name is John Baker and I represent Kenneth Dunn here today and we are asking this court to reverse the District Court's grant of summary judgment. Just a little bit about the facts of what happened here. Mr. Dunn spent his entire career working for the Illinois State Police. All of the evidence suggests that he was highly regarded as a law enforcement officer. He was lieutenant for the State Police. At some point in time, there was an incident, not directly involving Mr. Dunn, but involving a friend of Mr. Dunn's. The United States Justice Department did some type of an investigation. Mr. Dunn witnessed something in that. That process dragged on for a while. He actually proffered, didn't he, to the U.S. Attorney? There was what was referred to as a proffer, Judge Robledo. There was a proffer. But at the same time, Mr. Dunn was never told that he was under investigation, which I think is important, particularly when it is read in conjunction with the policies of the State Police. I also think that it's important to show that the State Police was inconsistent in what it was explaining about this. First of all, and we tried repeatedly, and I think that's outlined in the documentation, to gather evidence, but we were not able to do that despite the fact that we came to the Northern District to try and get it in the Central District. So we couldn't get all of the information that the Illinois State Police ever had. But what the Illinois State Police repeatedly wrote in their documentation was that Mr. Dunn was the target of a criminal investigation, a federal criminal investigation, which certainly Mr. Dunn was never told that. And in the Northern District, the Justice Department said, we never told the Illinois State Police that Mr. Dunn was the target of a criminal investigation. Mr. Baker, is there any evidence here that the statement about him was actually disclosed, or does your argument depend upon us finding that actual disclosure isn't necessary? The evidence, I do believe that there's evidence, Judge St. Eve. Number one, in answer to paragraph 17 of our complaint, we specifically stated that this information would be turned over to the Law Enforcement Training Standards Board. The defendants responded that they admit that the good standing determination may be shared with the Illinois State Police, by the Illinois State Police and the Illinois Law Enforcement Training Standards Board. I would also point out- But how is that an admission that it was actually turned over? Well, it's- I see that as more a statement about the standards. Well, the statement in the complaint was a statement, an actual assertion, that it would be turned over. They admit that it may be turned over. I think that that's an admission. But I would also suggest, Judge St. Eve- I think it's if, but wasn't there an if he applied? Anyway, go ahead. I'm sorry, I didn't mean to interrupt. Go ahead. Well, and that gets to the question of if he applies. And the problem with that is if he applies, he has to sign a sworn document. And that sworn document asks, have you been discharged? Not discharged, but did you separate in good standing? And he would have to falsify that in order to go down that route. Or answer it honestly. Well, but if he answers it honestly, there's not going to be a disclosure by the state police. So you're still going to be in your same position where there is no disclosure. And he's still not going to get the benefit of what he was entitled to. So answering it honestly, yes, that would be a great idea. But that would preclude him under the law from receiving it. The other thing that I think is important- But that brings me back to the question of is your argument that an actual disclosure is not necessary for an occupational liberty interest to exist? I think under the circumstances of this case, that is correct. And I think that, and I will butcher the name, but the Dupie case that this court decided in 2005, again, it was a little bit different. It was different because their disclosure was mandated by state law. It was mandated, but I also think that that mandate exists effectively here as well. And under Illinois law 50 ILCS 705-9.2, it makes it clear that the Illinois State Police has to turn over information to the Training Standards Board if somebody resigns or retires while they are under investigation. So, again, information would have been turned over to them by the statute. So I think that it is consistent with Dupie. But I also think that from a practical perspective, when you are talking about the nature of the work that Mr. Dunn would do, this is not simply some miscellaneous statement in a personnel file that somebody theoretically could get. He's a law enforcement officer. Law enforcement officers at Illinois State Police typically retire at age 50. Most of them go on to work in other law enforcement occupations, or whether it's working for a police department, whether it's working in some sort of private security company. But they always ask those questions. Have you been discharged? Or, excuse me, did you separate in good standing? That's an absolutely routine question. And so if it were some negligible piece of information, like a lot of these cases talk about FOIA. And, yes, if this was just something that could be subjected to a Freedom of Information Act request, I would certainly agree that there's no actual dissemination, and that becomes a problem. But here, there's no way if he wants to continue in law enforcement that he's not going to have to disclose it or be dishonest. Again, we're back at the disclosure. If he has to disclose it, that's different than what's been required under our case law for liberty interests that the defendant actually disclose it. But it defeats the rights that are guaranteed under the Constitution, because he is put into a position where he either has to lie to a possible employer, which as a law enforcement officer is a pretty significant taboo, or he has to disclose something that, again, wasn't even accurate. I mean, I guess he has to disclose the state police classified him as not in good standing, but there was no criminal investigation of him. Before we get into the rebuttal time, under the concealed carry permit, wouldn't your client still be able to go through the regular process? Judge Pryor, he would be able now to get a concealed carry permit in the state of Illinois, but there are differences as well. The federal statute allows law enforcement officers to carry at a greater distance and go and do different things than what the state of Illinois would allow. For example, it applies all 50 states, so there's more to it. I do note that I'm getting into my rebuttal time. I'm happy to answer any additional questions right now. Okay, thank you. You can save it for your rebuttal. Thank you. Ms. Gottlieb? Good morning. May it please the court. My name is Anna Gottlieb, and I'm an assistant attorney general. This court should affirm the district court's grant of summary judgment on the occupational liberty claim in this case. This court should do so for three reasons. First, Mr. Dunn presented no evidence from which a reasonable jury could find that defendants publicly disclosed any purportedly stigmatizing information about him. Second, Mr. Dunn has not shown any tangible loss of employment opportunities. Indeed, the only evidence related to this issue was Mr. Dunn's testimony that there were two jobs for which he himself chose not to apply. And third, Mr. Dunn cannot show that these defendants made any stigmatizing statements about him. On the first point, this circuit requires that stigmatizing information be actually disseminated to individuals outside of the chain of command. This court has held so in Johnson and Ratliff and Polka, and there's no reason to depart from that sound precedent here. Mr. Dunn here merely relies on the possibility of disclosure in the future. He retired in 2016, and through this time he has produced no actual evidence that shows that this information was disseminated, whether that be his good standing determination or anything else related to his resignation. And while he claims that this court's decision in DuPuy v. Samuels should allow this court to presume that dissemination will take place, as was discussed earlier, that case is different because there an Illinois law required, mandated, that this information about child care workers be shared with future employers. This is not the case. And I would like to clarify one point made by Mr. Baker, which is that there is a statute that was recently enacted through the Illinois Safety Act that is 50 ILCS 705 9.2 referring to a database. This was not in place at the time of Mr. Dunn's retirement. So there is no issue here whether the information about his good standing was disclosed as part of that database. And also Mr. Dunn raised this issue in his reply for the first time, so therefore he has also forfeited this. Ms. Gottlieb, while we're talking about state provisions, does this gentleman have any recourse under state law to get this notation in his record expunged or corrected? At the administrative level, when this determination was first made, he was able to take advantage of a two-step appeal process within ISP. The good standing determination was reviewed by the colonel at the time, and he could have submitted any additional evidence there. And then the director of ISP subsequently reviewed that recommendation. And in this case, he found that there was no reason to overturn the good standing determination. Is there any judicial review of the department's determination? He may have been able to. I don't believe the administrative review law would apply to that determination, but he could have potentially sought a writ of certiorari, which he did not do so. And we don't. And do we know that that is an established way of reviewing the police department? Candidly, I'm not entirely sure whether that would apply in this instance, but it does apply. That might give him, even if he has a property interest and everything else, that might give him all the processes due. Maybe the end of the case. Possibly, though, I would like to clarify that he's not seeking a property interest or a due process claim related to that. He's only seeking a liberty. Or a liberty interest. Same deal. I'm sorry, I misspoke. The fact is he'd be getting process. He could have potentially gone through that channel, but he did not do so here. And moving on to kind of the second criteria that must be met here, which is that there must be a showing of tangible employment opportunities. Here, all we have is Mr. Dunn's testimony that he thought about applying to two jobs, and he did not actually say that these jobs required a determination of good standing. Mr. Baker represented to the court earlier that these jobs routinely require former law enforcement officers to disclose this information. But he has not produced any evidence on this point. He has not produced job postings that show that this is a requirement. And while he did testify that one of the jobs requires him to carry a weapon, as mentioned earlier, he is able to obtain a concealed carry license through the regular channel available to private citizens. And though Mr. Baker had noted that there are some differences between the two, for instance, being able to carry a weapon across state lines, there is no reason why that distinction is relevant here for the employment he claims he's trying to seek, which is in the state of Illinois in the private security or law enforcement fields. And lastly, on the issue of whether the defendants here made any stigmatizing statements in the first place, defendants produced evidence that ISV had multiple conversations with federal law enforcement, and they were informed that in some capacity Mr. Dunn was involved in this federal investigation. His friend, with whom he had many business transactions, was ultimately charged, and he pleaded guilty. With the letter from the U.S. Attorney's Office that was put forth by Mr. Dunn, where it advised him that he was not a target of the investigation, would that create an issue of fact on that issue? That might create an issue of fact as to the terminology target, but being a target of a federal investigation is just one status an individual could have. You can also be a subject. You can possibly be involved in some other capacity. So to the extent that that piece of evidence from the assistant- She didn't say a man is not in good standing simply because he was interviewed, never charged, anything else. It's pretty draconian. Well, Your Honor, if we have- the evidence here shows that there was more than- ISV was informed that he was more than just a witness. The affidavit we have from the deputy director of the Division of Internal Affairs shows that she reviewed ISV records, and she concluded that he was the subject of a federal investigation. And if the court has any concerns about what the ISP records show, while they were not part of the summary judgment record, they are part of the case at document 11-1, starting on page 33 and beyond. There is a log of many calls between ISP and federal law enforcement where they- Can we look at those if they're not part of the summary judgment record? They are part of the case, the electronic filing here, and they are what Defendant Johnson relied in making her affidavit. So to the extent the court has any concerns, I believe the court can consult those. And we also- there's also testimony from Mr. Dunn that he attended a proffer session. And so this evidence, at the very least, suggests that he was involved in this federal investigation. And while there may be an issue of fact as to whether he was a target or some other status, that's not enough to rebut the showing that he was under investigation. Is there a circumstance where you can envision where Dunn, if he applied for a law enforcement position, private security position, where this would not come up? Well, Your Honor, based on this record, we're kind of forced to speculate whether this would come up or not. Again, he has produced- he talked about two jobs. One was a com-ed position where he's providing security. But it does not naturally follow that you must be a former law enforcement officer for that position and whether they will be inquiring into the reasons you left your former employment. So because this evidence wasn't produced, this- and we are at the summary judgment stage, that makes this claim very speculative. And under- again, under this court's case law, more must be shown than just speculation, both on the public dissemination element as well as on the loss of employment opportunities. And again, I just would like to note that Mr. Dunn must meet all three elements for his claim to continue. And here, he cannot move forward to a jury because he has not satisfied any of the three elements. If there are no further questions from this court, we ask that this court affirm. Thank you. Mr. Baker. Thank you. Counsel, thank you. Real quickly, Judge Ripple, to address your point on what state remedies he would have had, I don't believe that he would have had any ability to challenge it. I don't see how a writ of certiorari would have been successful. That is a writ directing somebody to do something specific, and I don't think that that would have worked. There certainly was no right to an administrative review challenge under Illinois law. And I want to address something that you talked about because there are really two letters. The first letter was in the Northern District record. The second one was from May of 2019, which said he was not a suspect and not under any sort of investigation in the Northern District of Illinois. And again, this gets down to what we ultimately want, which is just a name-clearing hearing. And they say, well, you can trust us, you can trust us. Well, there's a reason factually why you can't trust them, because in those documents that they say where they talk about having these phone conversations, they claim that the assistant U.S. attorney told them that Dunn was the target of an investigation. They don't say he was the subject. They say he was the target. That's what they say they were told by the U.S. Attorney's Office. The U.S. Attorney's Office, while they won't comment on anything, said we never told the Illinois State Police that he was a target of an investigation. So when their documentation is wrong, that does create a factual dispute. And so that does become problematic. And I would also say really what we're looking for here is a name-clearing hearing. All of this stuff still exists. All of these problems exist for Mr. Dunn right now, but he is still, despite the fact that he's not under any investigation, no criminal charges, but this is still around his neck, and all we want is a name-clearing hearing. So we would ask that we be given that. Thank you. Thank you, Mr. Baker. The Court will take the case under advisement.